IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| v. | ) | No. 04 C 3689 |
| | ) | Paul E. Plunkett, Senior Judge |
| JOSHUA KIRKWOOD, | ) | |
| | ) | |
| Petitioner. | ) | |

## MEMORANDUM OPINION AND ORDER

Joshua Kirkwood has filed a petition to vacate, set aside or correct his sentence for violating his supervised release under 28 U.S.C. § ("section") 2255. For the reasons set forth below, the petition is denied and the case is dismissed.

### Background

On July 16, 1993, Kirkwood was convicted of assaulting a federal officer and possession and use of a firearm. He was sentenced to 102 months in prison, followed by three years of supervised release. Kirkwood was released from prison on February 7, 2000. While on supervised release, he was arrested for possession of a controlled substance on June 13, 2002. Prosecutors did not move for a rule to show cause as to why supervised release should not be revoked until February 3, 2003, two weeks before Kirkwood's period of supervised release was set to expire. Judge Rebecca

Pallmeyer, acting as an emergency judge, granted the rule to show case, ordered a bench warrant for Kirkwood, and appointed temporary counsel for Kirkwood.

Some five months later, Kirkwood pleaded guilty to possession of a controlled substance in Lake County. He was sentenced to five and a half years in prison, with the unusual provision that the state sentence run concurrent with any sentence later imposed in the federal court for a parole violation. Kirkwood appeared before Judge Pallymeyer on October 1, 2003 and admitted he violated of supervised release. He requested a concurrent sentence on the violation as "ordered" by the state judge but received eighteen months to run consecutive to the five and a half year state court sentence. Kirkwood did not appeal from the order of revocation or the sentence imposed.

Kirkwood now argues that his constitutional rights were violated because he was not allowed a preliminary hearing in federal court prior to the revocation and sentencing hearing. In his § 2255 motion, Kirkwood alleges the following: (1) his supervised release violation was not promptly reported to the courts; (2) he did not receive notice of a preliminary hearing; (3) he was not given the opportunity to appear at a preliminary hearing; (4) he was not given the opportunity to question any adverse witnesses at a preliminary hearing; (5) he was not given written notice of the violation or that the court had found probable cause to revoke his supervised release or that a bench warrant had been issued; (6) his revocation hearing was not held within a reasonable time; (7) the government intentionally prolonged his hearing until after his state proceedings to use his state conviction as the primary evidence of guilt toward his revocation, rather than allowing the revocation hearing to fall on its own merits; (8) his counsel was ineffective for failing to investigate or prepare a defense prior to the revocation hearing, at which he informed Kirkwood that pleading guilty in the state charge settled the matter; (9) without the delay, he could have been serving his federal sentence

when the state court sentence was handed down, meaning he would have been allowed to serve his sentences concurrently, as the state court recommended; and (10) a misrepresentation by his counsel led him to plead guilty in state court to drug possession with intent to deliver, instead of merely possession, which led to a higher grade of violation.

## Discussion

Despite the shopping list of Kirkwood's claims stated above, he essentially makes three arguments in his bid to vacate, set aside or correct the revocation of his supervised release and the eighteen month sentence consecutive to his state sentence. First, he argues that he was improperly denied a preliminary hearing on the supervised release violation. Second, he claims that his revocation hearing was untimely and that prosecutors purposefully delayed the hearing until after his state charge was resolved. Third, he charges that the ineffective assistance of his counsel led him to admit to the violation despite the procedural defects he complains of in this motion.

First, Kirkwood alleges that his constitutional rights were violated because he never received a preliminary hearing to determine probable cause for his alleged violation of his supervised release. Kirkwood relies on Federal Rule of Criminal Procedure 32.1(b)(1), which reads, "If a person is in custody for violating a condition of . . . supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." It is true that the federal bench warrant was lodged as a detainer against Kirkwood while he was jailed on the state drug charge. However, we adopt the findings of the Eighth Circuit, which rejected a similar claim based on the view that the safeguards of Rule 32.1 are for those persons in custody *solely* because of a violation of supervised release. *United States v. Pardue*, 363 F.3d 695 (8th Cir. 2004).

Those like Kirkwood, in custody based on an underlying criminal charge, enjoy the protections associated with that charge. A probable cause hearing to detain him for violating his supervised release was unnecessary because the state, which held him, had found probable cause to hold him for the state charge. Kirkwood's due process rights based on lack of a probable cause hearing are without merit.

Second, Kirkwood contends that he was denied a timely revocation hearing. The right to a prompt revocation hearing is somewhat analogous to the Sixth Amendment right to a speedy trial. *United States v. Rasmussen*, 881 F.2d 395, 398 (7th Cir. 1989). In order to determine whether this right has been violated, courts look at: "1) length of delay; 2) reason for the delay; 3) the defendant's assertion of his right; and 4) prejudice to the defendant." *Id.*

Kirkwood argues that more than a year passed between his June 13, 2002 arrest and his October 1, 2003 appearance before a federal court on his parole violation. We agree with the government, however, that the clock did not begin to run until Kirkwood entered federal custody. *See United States v. Chaklader*, 987 F.2d 75, 77 (1st Cir.1993) ("[T]here is 'no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator.'") (quoting *Moody v. Daggett*, 429 U.S. 78, 87 (1976)). As his hearing was held on or around the same day he was turned over to federal custody, we find no unreasonable delay.

Kirkwood acknowledges that the government was permitted to delay his revocation hearing until after the disposition of the state charges. *See Rasmussen*, 881 F.2d at 399. Indeed, that is a good reason to delay a revocation hearing, as a finding of guilty in the state court can "conclusively establish the probation violation." *Id.*

The government claims that Kirkwood failed to assert his right to a revocation hearing at his only appearance in federal court on this matter. Instead, he admitted the violation based on his state court conviction, eliminating the need for a hearing. Kirkwood offers a cryptic response to this claim, stating that he is unsure whether or not he asserted this right and requesting and evidentiary hearing to determine whether he did or not. While it does appear that Kirkwood failed to assert his right to a hearing, that fact is of little consequence.

Of more significance, Kirkwood was not prejudiced by the delay. His guilty plea in state court admitted the parole violation, which was based on the same acts as the state charge. *See Chaklader*, 987 F.2d at 77 (stating "it would be difficult, if not impossible, . . . to establish . . . prejudice" where a prisoner pleaded guilty to the underlying state charge).

However, Kirkwood argues that this delay caused him prejudice because had the federal court sentence been handed down before the state court proceedings, the state court judge could have ordered the sentences to run concurrently with the federal one. Maybe so, maybe not. It is true the state court recommended the sentences run concurrently, but that court did not have the power to bind the federal court when it made its subsequent sentencing decision. *See United States v. Sackinger*, 704 F.2d 29, 32 (2d Cir. 1983); *Cozine v. Crabtree*, 15 F. Supp. 2d 997, 1011 (D. Or. 1998). Kirkwood did not have the right to concurrent sentences and therefore no right was denied him. *See United States v. Koller*, 956 F.3d 1408, 1416 (7th Cir. 1992). Moreover, the judge who handed down his federal sentence could have imposed a concurrent sentence, but chose not to. Perhaps the order in which Kirkwood was sentenced (state then federal) deprived him of a possibility of concurrent sentences. One thing is clear: the order of sentencing did not violate any of his rights.

Third, Kirkwood claims he received ineffective assistance of counsel. As Kirkwood concedes, his claim of ineffective assistance of counsel depends upon the disposition of the above-argued claims. Kirkwood charges that his counsel failed to raise the procedural defects surrounding his revocation hearing.[1] As we have already determined that Kirkwood's procedural arguments have no merit, his ineffective assistance of counsel likewise fails.

## Conclusion

For the reasons set forth above, Kirkwood's petition to vacate, set aside or correct his sentence under section 2255 is denied. This is a final and appealable order.

**ENTER:**



**UNITED STATES DISTRICT JUDGE**

**DATED:** JUN 3 2005

---

[1] Kirkwood's claim of ineffective assistance of his counsel in state court is not reviewable by this Court.

-6-